# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CARL J. WALKER-BEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:14CV1140 TIA |
| DOLORES J. GUNN, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

In this prisoner civil rights case under 42 U.S.C. § 1983, defendant Andrew Moore moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is denied.

Plaintiff brought this action against several officials at the St. Louis County Justice Center (the "Justice Center") for alleged violations of his constitutional rights. The Court dismissed the majority of plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B) because they failed to state a claim upon which relief could be granted. However, the Court found that the "complaint state[d] a plausible claim for retaliation under the First Amendment against defendant Andrew Moore."

Moore argues that the allegations against him should be dismissed because plaintiff has failed to allege that he exhausted the grievance process and because plaintiff's allegations do not state a claim under the First Amendment. Moore further argues that he is entitled to qualified immunity.

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the

pleadings in the light most favorable to plaintiff. Gregory v. Dillard=s, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. Id. at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff=s claim is and the grounds upon which it rests." Id. (quotations omitted). However, the factual allegations in the complaint must be more than Alabels and conclusions@ or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Gregory, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Pro se complaints are construed liberally in favor of the plaintiff. E.g., Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

"The PLRA's exhaustion requirement is not a heightened pleading requirement." Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005). Exhaustion is "an affirmative defense that the defendant has the burden to plead and to prove." Id. Moore's argument that the complaint should be dismissed for failing to allege exhaustion fails because plaintiff is not required to plead it.

The complaint alleges that plaintiff filed several grievances against Justice Center officials for perceived violations of his rights. Plaintiff says that Moore locked him down "for no reason at all." Plaintiff further claims that Moore's was upset at him for filing grievances and that Moore "lash[es] out on the ones who stands [sic] up for whats [sic] right." Plaintiff also alleged that "Moore is malicious and consciously wrong doing."

AA prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3)

2

exercising the right was the motivation for the discipline." <u>Meuir v. Greene County Jail Employees</u>, 487 F.3d 1115, 1119 (8th Cir.2007).

Giving the complaint the benefit of a liberal construction, the Court finds that plaintiff has stated a prima facie case for retaliation. Plaintiff alleged that he filed grievances and that Moore lashed out against him for standing up for his rights by locking him down. As a result, Moore's argument that plaintiff has failed to state a claim under the First Amendment is meritless.

Finally, plaintiff's right to be free from retaliatory discipline was clearly established at the time the alleged acts occurred. As a result, Moore is not entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Moore's motion to dismiss [ECF No. 9] is **DENIED**.

Dated this <u>3rd</u> day of September, 2014.

/s/   Terry I. Adelman
TERRY I. ADELMAN
UNITED STATES MAGISTRATE JUDGE