UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL J. WALKER-BEY, ) | |
| ) | |
| Petitioner ) | |
| ) | CASE NO: 4:14CV1140 TIA |
| v. ) | |
| ) | |
| DOLORES J. GUNN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ANSWER

COME NOW Defendant Andrew Moore ("Defendant"), by and through Associate County Counselor Micki Wochner, and answers Plaintiff's Complaint as follows:

1. Defendant admits to the allegation in Plaintiff's Complaint Section I.

2. Defendant is without sufficient information to admit or deny the allegation in Plaintiff's Complaint Section II, Paragraphs A-B, and therefore denies the same.

3. Defendant admits to the allegation Plaintiff Complaint Section III, Paragraph A.

4. Defendant admits, in part, to the allegation in Plaintiff Complaint Section III, Paragraph B, denies, in part, to the allegation in Plaintiff Complaint Section III, Paragraph B, and is without sufficient information to admit or deny the remainder of the allegation in Plaintiff Complaint Section III, Paragraph B, and therefore denies the same. In further answering, Defendant admits that Plaintiff has presented grievance forms at the initial step of the grievance procedure regarding the dirty tray allegation as set forth in Plaintiff Complaint, Section "Staff Misconduct" paragraph 1 and that he believes that Defendant locked him down for no reason, although the referenced grievance identifies that the reason was for

tying his sheets, and in that grievance he reference allegations of racial language being used, as alleged in Plaintiff Complaint, Section "Staff Misconduct" paragraph 1; however, Defendant denies that any facts related to the issues in the Complaint as they relate to him have been grieved through the jail's grievance system by the procedures set forth therein, including proceeding beyond step one of the grievance procedure, and Defendant is without sufficient information to admit or deny Plaintiff's actions related to any other grievances at issue in the Complaint and therefore denies the same.

5. Defendant denies the allegations in Plaintiff Complaint Section III, Paragraph C.

6. Defendant denies the allegations in Plaintiff Complaint Section III, Paragraph D.

7. Defendant is without sufficient information to admit or deny the allegation in Plaintiff's Complaint Section IV, Paragraph A, parts 1, 2 and 3, and therefore denies the same.

8. Defendant is without sufficient information to admit or deny the allegation in Plaintiff's Complaint Section IV, Paragraph B, parts 1, 2 and 3, and therefore denies the same.

9. Defendant admits, in part, the allegations in Plaintiff's Complaint Section IV, Paragraph B, part 4, that his name is Andrew Moore and that his business address is 100 S. Central Ave., Clayton, MO  63105.  Defendant is without sufficient information to admit or deny the remaining allegations in Plaintiff's Complaint Section IV, Paragraph B, part 4, and therefore denies the same.

10. Defendant admits that Charlie A. Dooley is the County Executive but denies the remaining allegations in the Section entitled "All Legal Issues within this 1983 Writ Applies to All Future Successores (*sic*) Defendant's (*sic*)," Paragraph 1.  In further answering, this Paragraph calls for legal conclusions for which no answer is required.

11. Defendant admits that Garry W. Earls is the St. Louis County Chief Operating Officer but denies the remaining allegations in the Section entitled "All Legal Issues within this 1983 Writ Applies to All Future Successores (*sic*) Defendant's (*sic*)," Paragraph 2.  In further answering, this Paragraph calls for legal conclusions for which no answer is required.

12. Defendant denies the allegations in the Section entitled "All Legal Issues within this 1983 Writ Applies to All Future Successores (sic) Defendant's (sic)," Paragraph 3.  In further answering, this Paragraph calls for legal conclusions for which no answer is required.

13. Defendant denies the allegations in the Section entitled "All Legal Issues within this 1983 Writ Applies to All Future Successores (sic) Defendant's (sic)," Paragraph 4.  In further answering, this Paragraph calls for legal conclusions for which no answer is required.

14. Defendant denies the allegations in the Section entitled "All Legal Issues within this 1983 Writ Applies to All Future Successores (sic) Defendant's (sic)," Paragraph 5.  In further answering, this Paragraph calls for legal conclusions for which no answer is required.

15. Defendant admits that his job is as a correctional officer within the Department of Justice Services, which includes overseeing inmates, and denies the remaining allegations in the Section entitled "All Legal Issues within this 1983 Writ Applies to All Future Successores (sic) Defendant's (sic)," Paragraph 6.  In further answering, this Paragraph calls for legal conclusions for which no answer is required.

16. Defendant is without sufficient information to admit or deny the allegations regarding the section entitled "Medical Staff, All Legal Issues Within This Writ Applies to All Future Successores (*sic*) Defendant's (*sic*)," including Paragraphs numbered 1, 2, 3, and 4, and therefore deny the same.  In further answering, these same paragraphs call for legal conclusions for which no answer is required.

17. Defendant is without sufficient information to admit or deny the allegations regarding Section V, Counsel, including Paragraphs A-F, inclusive, and therefore deny the same.

18. Defendant is without sufficient information to admit or deny the allegations regarding Section VI, Paragraph 1, and therefore denies the same.

19. Defendant is without sufficient information to admit or deny the allegations regarding Section VI, Paragraph 2, and therefore denies the same.

20. Defendant is without sufficient information to admit or deny the allegations in the section of Plaintiff's Complaint entitled "Statement of Medical Claim," including Paragraphs 1-9, inclusive, and therefore denies the same.

21. Defendant admits that on April 10, 2014, at about 12:10, lunch was served in the housing unit, Plaintiff received his tray and Defendant gave Plaintiff a grievance form but denies the remaining allegations contained in Plaintiff's Complaint, Section "Staff Misconduct" Paragraph 1.

22. Defendant admits that Mr. Kramer did not believe that Plaintiff needed a replacement tray as alleged in Plaintiff's Complaint, Section "Staff Misconduct" Paragraph 2 but denies the remaining allegations contained in that Paragraph.  In further answering, this paragraph calls for legal conclusions for which no answer is required.

23. Defendant admits that Plaintiff filed a grievance about being locked down as alleged in Plaintiff's Complaint, Section "Staff Misconduct" Paragraph 3, but denies the remaining allegations contained in that Paragraph.  In further answering, this paragraph calls for legal conclusions for which no answer is required.

24. Defendant denies the allegations contained in Plaintiff's Complaint, Section "Staff Misconduct" Paragraph 4. In further answering, this paragraph calls for legal conclusions for which no answer is required.

25. Defendant denies the allegations contained in Plaintiff's Complaint, Section "Staff Misconduct" Paragraph 5. In further answering, this paragraph calls for legal conclusions for which no answer is required.

26. In Plaintiff's Complaint, Section entitled "Statement of Immunity Facts Exhibit J," which seems to be included as a part of the allegations of the Complaint, the entire section calls for legal conclusions for which no answer is required. To the extent that any answer is required, Defendant denies all such allegations contained in the "Statement of Immunity Facts Exhibit J."

27. Defendant denies that Plaintiff is entitled to the relief sought in Plaintiff's Complaint, Section VII, Relief, but in further answering, Defendant is without sufficient information to admit or deny what Plaintiff wants and therefore denies the same.

28. Defendant denies that Plaintiff is entitled to damages sought in Plaintiff's Complaint, Section VIII, Money Damages.

29. Defendant denies the allegations contained in Plaintiff's Complaint, Section IX.

30. In Plaintiff's Complaint, Section entitled "Statement of Facts, Exhibit I" which seems to be included as a part of the allegations of the Complaint, the entire section relates to medical treatment for which Defendant is without sufficient information to admit or deny and therefore denies the allegations in "Statement of Facts, Exhibit I," paragraphs 1, 2 and 3. In further answering, the "Statement of Facts, Exhibit I," paragraphs 1, 2 and 3 contain legal conclusions for which no answer is required. To the extent that any answer

is required, Defendant denies all such allegations contained in the "Statement of Facts Exhibit I."

31. Any allegation of fact contained in Plaintiff's Complaint against Defendant not specifically admitted is hereby denied.

### DEFENDANT'S AFFIRMATIVE DEFENSES

32. Plaintiff fails to state a claim upon which this Court can grant relief against this Defendant in that Plaintiff fails to state factual content that has "facial plausibility" that allows the court to draw the reasonable inference that this Defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955 (2007).

33. Plaintiff fails to state a claim upon which this Court can grant relief against this Defendant because he is entitled to the affirmative defense that the Plaintiff has not alleged facts sufficient to state a claim that he exhausted the administrative remedies of the detention facility. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 920, 921, 923 (2007).

34. Plaintiff did not exhaust his administrative remedies because he did not submit any grievance related to Defendant or his conduct beyond the first step of the grievance procedure, despite being placed on notice of the jail's procedures which has grievance steps and remedies beyond the first step, in violation of the requirements of the Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e(a). See Booth v. Churner, 532 U.S. 731, 731, 121 S. Ct. 1819, 1820, 149 L. Ed. 2d 958 (2001)

35. Defendant did not retaliate against Plaintiff for filing any grievances against him nor did Defendant make up his own rules for Plaintiff.

36. Defendant cannot be liable to Plaintiff for retaliation because Plaintiff was disciplined for acts he was not entitled to perform.  See Runningbird v. Weber, 198 F. App'x 576, 578 (8th Cir. 2006) citing Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir.1990).

37. Plaintiff cannot show (1) he engaged in a protected activity, (2) Defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity, and therefore is not entitled to recovery against Defendant.  See Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004) citing Naucke v. City of Park Hills, 284 F.3d 923, 927–28 (8th Cir.2002).

38. Plaintiff alleged in his grievance about the lockdown that he was locked down for no reason and that he has followed all of Defendant's orders but he then stated that he was locked down for 16 hours for tying his sheets.

39. The St. Louis County jail prohibits its inmates from tying sheets.

40. The St. Louis County jail prohibits the tying of sheets in order to preserve the integrity of the sheets, to minimize the wear and tear on the sheets and to minimize costs related to supplying inmates with sheets in satisfactory and safe conditions.

41. Defendant placed Plaintiff on lockdown for tying sheets.

42. Other correctional officers have issued lockdowns on other inmates for tying sheets.

43. While Plaintiff was locked down for sixteen hours for his infraction, he was allowed to leave his cell on at least two occasions, although on the first of two occasions Plaintiff refused to leave his cell to get the medication and his only response to the order to leave his cell for the medication was to shut his cell door.

44. Based upon Plaintiff's refusal to leave his cell as directed, he received an additional seven hours of lockdown.

45. Defendant inspected Plaintiff's lunch food tray on April 10, 2014, after Plaintiff asserted there was stuff all over the tray, and Defendant did not see anything abnormal or dirty on the tray.

46. Plaintiff has not pled for any relief against Defendant that this Court can enter.

47. Plaintiff cannot recover attorney's fees; Plaintiff is not represented by an attorney in this matter.

48. Plaintiff has not pled any actual injury caused by or unlawful conduct performed by Defendant to entitle him to any compensatory or other relief, including but not limited to the amount of $100,000 as claimed.  See Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008) citing Carey v. Piphus, 435 U.S. 247, 253–55, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).

49. Defendant has qualified official immunity that protects him from liability for civil damages because his conduct did not violate clearly established constitutional or statutory rights of which a reasonable person would have known that existed at the time of Defendant's actions.  Pearson v. Callahan, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009).

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays that the Complaint be dismissed together with his proper costs.

PATRICIA REDINGTON
COUNTY COUNSELOR

/s/ Micki Wochner
Micki Wochner, #44285 MO

        Associate County Counselor
41 South Central Avenue, 9th floor
Clayton, Missouri  63105
(314) 615-7042 – telephone
(314) 615-3732 - facsimile
Attorney for Defendant Andrew Moore

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served via United States Mail, First Class, on Carl J. Walker-Bey, #6543, St. Louis County Justice Center, 100 S. Central Ave., P.O. Box 16060, Clayton, MO  63105, on this 5th day of September, 2014.


    ___/s/ Micki Wochner_____
    Micki Wochner
    Associate County Counselor